(No. 18110.— )

THE PEOPLE *ex rel.* G. Stanley Olmsted, County Collector, Appellant, *vs.* THE JAMES MILLIKIN UNIVERSITY, Appellee.

*Opinion filed October 25, 1928.*

ELMER O. FURROW, State's Attorney, (O. W. LONGE-NECKER, of counsel,) for appellant.

LAWRENCE B. STRINGER, and W. H. MILLS, for appellee.

Mr. COMMISSIONER CROW reported this opinion:

On application to the county court of Vermilion county for judgment and sale of real estate for non-payment of taxes the court sustained objections of appellee, and this appeal is prosecuted to reverse the judgment.

The application for judgment and order for sale was made in the usual manner, as the statute prescribes. The county collector of taxes filed an application showing the real estate standing upon the records in the name of appellee had been duly assessed and that taxes were properly extended against it and had not been paid. The delinquent list, including appellee's property, was duly published.

Appellee filed objections to the rendition of judgment for the sale of the property taxed in its name, on the ground

that it is exempt from taxation. The ground of exemption stated is: "It is operating by and under the authority of a special act of the General Assembly of Illinois, entitled 'An act to incorporate Lincoln University,' approved February 6, 1865, in which act it is provided that all property, of whatever kind and description, belonging to or appertaining to the corporate body created by this act, is declared to be and to forever remain free and exempt from taxation for any and all purposes whatever; that by virtue of such provision it established, and has since maintained in the city of Lincoln, in Logan county, Illinois, a school or institution of learning now known as and called Lincoln College, and established in the city of Decatur, in Macon county, Illinois, a school or institution of learning known and called Decatur College and Industrial School, the two schools combined being known as and called the James Millikin University, and that this objector is the same corporation as that organized by such special act of the said General Assembly and is now known as the James Millikin University; that any provisions of the laws of the State of Illinois by which it is sought to tax the said real estate is to that extent in violation of the constitution of the United States and void and of no effect." Describing certain tracts of land and lots donated by persons named, the objections stated that the foregoing or all of the above, or certain lots or tracts described, were "deeded to the James Millikin University for the sole use and benefit of that department thereof known and called Lincoln College or Decatur College and Industrial School."

The only evidence introduced upon the application for judgment was the delinquent list, as required by the statute, duly authenticated, with proof of service of notice by publication of the intended application for judgment and sale of the property described. That proof made a *prima facie* case entitling appellant to a judgment for the sale of the property for delinquent taxes. The court, without evidence

except the delinquent list, sustained the objections of appellee to judgment and sale of its property and rendered judgment for the sale of other property described in the delinquent list.

The errors assigned are: (1) The court erred in sustaining the objections that the real estate is exempt from taxation; (2) the court erred in sustaining the objections to each and every tract of real estate; (3) the judgment is contrary to the law and the evidence.

The State's attorney has filed a brief covering his views of the legal phase of the exemption of property claimed to be exempt from taxation. Appellee's reply is limited to the sufficiency of the abstract of the record. It is said: "So far as the abstract shows, appellee's objections were not passed on." It is apparent that, so far as the record discloses, they were passed on and sustained without any evidence to support them. The court will take judicial notice of the special act creating the corporation, but it will not assume that property in its name is necessarily held so as to be exempt from taxation. The ground upon which the exemption rests is stated in the objections. There must be some evidence showing the relation giving rise to the exemption. It is also true, as counsel say, there are two records in this case, both certified to be true and complete copies of the record. One was filed in this court January 11, 1927, the other February 2, 1927. Counsel further say the certificates of the clerk authenticating the two records are identical, both contain authenticated bills of exceptions allowed, signed by the county judge and filed by the county clerk on December 27, 1926, and they are materially different. The second was filed by leave of this court. There is unnecessary confusion in the record.

The bill of exceptions in the record filed February 2, 1927, lacks nothing of matter or formality, so far as suggested by counsel or as we can discover by a diligent examination of it. It was presented and signed December 27,

1926, within the time allowed. The judgment rendered by the court has no defect of form. The transcript shows that defendant offered no evidence in support of its objections, for none appears, and it recites that it contains all the evidence. The State's attorney made a *prima facie* case by the authenticated delinquent list and proof of its publication, as the statute requires. Upon that state of the record the court sustained the objections of appellee, supported by no evidence, and denied judgment against the lands and lots for taxes and thereby occasioned this appeal.

Appellee has contented itself, in reply to appellant's brief on the question of exemption, with the contention that the abstract of the record is so defective as to prevent review of the judgment. We are without its views as to the legal questions presented, whether the court erred, as appellant contends, in deciding that appellee's property in Vermilion county is exempt from taxation.

Appellant filed an extended brief on the assumption that the objections of exemption from taxation made by appellee are unsupported by the evidence. The objections, specific as they were, were not based upon facts which the court could judicially notice. It was necessary not only to make the averments contained in the objections but to support them by competent evidence. If, when the case was called for disposition, defendant declined to offer proof in support of the objections, it was the duty of the court to render judgment for the unpaid taxes, interest, penalties and costs and to order a sale of the property. There is no occasion, upon this state of the record, to discuss the legal question of the claimed exemption from taxation argued by the State's attorney.

The brief of appellee devoted to a discussion of the effect of the failure to file a proper abstract of the record is irrelevant. Enough appears in the abstract to show that the court erred, for the reason stated, in rendering a judgment sustaining the objections.

The judgment of the county court is therefore reversed and the cause remanded to that court for a hearing *de novo*.

Per CURIAM: The foregoing opinion reported by Mr. Commissioner Crow is hereby adopted as the opinion of the court, and judgment is entered in accordance therewith.

*Reversed and remanded, with directions.*